ORIGINAL

**SYLVESTER OWINO[1]**
**A97-469-354**
**San Diego Detention Center (CCA)**
**P.O. Box 439049**
**San Ysidro, CA 92143**

FILED
07 DEC -3 AM 11:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SYLVESTER OWINO,**
**[A97-469-354]**

**Petitioner,**

**V.**

**MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,**

**Respondents.**

Civil Action No. '07 CV 2267 WQH (POR)

**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL**

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that the petitioner, Sylvester Owino, will ask this Court to enter an order granting the motion listed below.

///

///

///

///

[1] The petitioner is filing the instant request for appointment of counsel with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant motion.

**MOTION**

The petitioner, Sylvester Owino, pursuant to the United States Constitution, 18 U.S.C. § 3006A, and all other applicable statutes, case law and local rules, hereby moves this Court for an order appointing him counsel to assist him in his efforts to seek relief from his detention through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

This motion is based upon the instant notice of motion, the incorporated statement of facts and attached memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: 11/29/07

SYLVESTER OWINO
Petitioner

**SYLVESTER OWINO**
**A97-469-354**
**San Diego Detention Center (CCA)**
**P.O. Box 439049**
**San Ysidro, CA 92143**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SYLVESTER OWINO,**<br>**[A97-469-354]**<br>**Petitioner,**<br><br>**v.**<br><br>**MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,**<br><br>**Respondents.** | Civil Action No.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION** |

**I.**

## STATEMENT OF FACTS

The petitioner has been ordered removed from the United States by the respondents. However, his order of removal is subject to substantive, ongoing challenge on appeal. Consequently, petitioner has endured prolonged detention lasting over two years while he awaits the outcome of his case. He is therefore seeking an order for his release from respondents' custody, authorized by recent Ninth Circuit case law.

The petitioner is a native and citizen of Kenya. He fled to the United States in December 1998, when he was 22 years old, following abuse and threats at the hands of the Kenyan police. He was lawfully admitted on a student visa.

After his admission to the United States, petitioner was convicted of second degree robbery in 2003 and was sentenced to the mid-term of three years' imprisonment. After completion of the term of imprisonment prescribed by law, petitioner was transferred to custody of the respondents on November 8, 2005, which is the beginning of his present period of detention. On April 10, 2006, a removal hearing was held. The immigration judge found petitioner removable and denied petitioner's applications for asylum and withholding of removal and denied his claim for deferral of removal under the Convention Against Torture, making an adverse credibility finding due to lack of corroboration.

Petitioner timely appealed the decision of the immigration judge to the Board of Immigration Appeals. Petitioner argued that the immigration judge had erred in denying CAT relief. The BIA affirmed on August 2, 2006. Petitioner then filed a timely petition for review *pro se* with the Ninth Circuit Court of Appeals on September 1, 2006, in Case No. 06-74297. The same day, petitioner moved for a stay of deportation pending appeal; the government filed an opposition to the stay on November 24, 2006. The Court of Appeals denied the stay of removal on February 23, 2007. Petitioner filed a motion for reconsideration en banc of the denial. Reconsideration was denied as untimely on June 5, 2007.

Petitioner's opening brief was filed on June 5, 2007. Respondents filed their brief by June 25, 2007. Petitioner's reply brief was filed on September 10, 2007. The appeal awaits assignment to a merits panel for argument and submission. Respondents, however, have requested a remand on the credibility issue.

Meanwhile, respondents continue to hold petitioner in custody, and his substantive due process right to liberty is improperly denied. Since petitioner's appeal raises substantive arguments challenging his order of deportation which could result in complete relief from removal, continued indefinite detention while the review process takes its course is not warranted under the recent decisions in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), which held due process requires that civil detainees in petitioner's situation are entitled to release from immigration custody during the

pendency of their appeals. Accordingly, petitioner has a meritorious claim for relief under § 2241 for release from detention by respondents.

Currently, petitioner has a balance of **$532.68** in his custody trust account with zero average monthly deposits. See Prison Certificate, Form CIV-67, attached to Motion to Proceed *In Forma Pauperis*. Since he is in custody, he does not have a source of income or employment. As a result, he cannot afford to retain counsel.

Additionally, though petitioner has attended, but did not graduate from, Alliant International University in the United States, he has had no legal training. See Declaration of James Fife in Support of the Petitioner's Motion, ¶¶ 15-16. Accordingly, the petitioner requests that this Court appoint the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands ready and able to assist the petitioner in this petition. See id.¶¶ 3-6.

## II.

## ARGUMENT

### THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

Habeas corpus proceedings "are of 'fundamental importance . . . in our constitutional scheme because they directly protect our most valued rights.'" Brown v. Vasquez, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting Bounds v. Smith, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. §3006A(a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); accord Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

As is indicated below, the petitioner is highly likely to succeed on the merits of his claim, but will be unable to effectively articulate his claims through a pro se action, in light of his truncated educational history and lack of legal training. See Declaration of James Fife, ¶¶ 15-16. The petitioner cannot otherwise afford to retain counsel for the litigation of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the appointment of counsel is appropriate.

**A. The Petitioner is Highly Likely to Succeed on the Merits of his Claim.**

The Ninth Circuit's decisions in Tijani and Nadarajah extend the Supreme Court's due process restrictions on indefinite detention laid down in Zadvydas v. Davis, 533 U.S. 678, 689 (2001), and apply them to detainees subjected to prolonged detention and whose orders of removal are on review. These cases hold that it is "constitutionally doubtful" that the detention statutes permit lengthy periods of custody pending outcome of legal challenges. Under the authority of Tijani and Nadarajah, petitioner is entitled to release on order of supervision pending resolution of his appeals.

In Tijani, the Court of Appeals reviewed a § 2241 habeas petition by a deportee who had been held in custody for 32 months awaiting the outcome of his appeals. Tijani held it was "constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." 430 F.3d at 1242. Distinguishing Demore v. Kim, 538 U.S. 510 (2003), because Tijani did not concede he was deportable, the Court ordered his release, unless he was provided with a bail hearing and found unsuitable for release under the usual factors of risk of flight or danger to the community. See id.; see Kim, 538 U.S. at 522-23. Moreover, Kim was grounded on the Supreme Court's assumption that the period of detention would be "brief," only that "necessary for his removal proceedings," which the Supreme Court estimated as roughly six weeks in duration on average, or five months if further review is sought. See id.; see Kim, 538 U.S. at 522-23, 530. As Tijani's detention while awaiting outcome of his appeals far exceeded these estimates of the constitutionally permitted "brief period" of detention, he was entitled to

release proceedings under the Zadvydas principles. See id. Thus, Tijani was entitled to release on habeas corpus unless the government proved at a hearing before an immigration judge that the petitioner was a flight risk or danger to the community. See id.

In Nadarajah, the Ninth Circuit considered an indefinite detainee held under suspicion of terrorist affiliation. Nadarajah challenged his detention and was pursuing a claim for asylum, but the government relied on the silence of the asylum detention statute to detain Nadarajah while this litigation proceeded. See 443 F.3d at 1076-78. However, the Court held that the asylum detention statute was equally subject to the strictures of Zadvydas. See id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b), allowing release on bail pending appeal, apply to such immigration detentions. Id. at 1083. The usual standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal question and a balance of the hardships. Id. Moreover, the showing of probable success correspondingly lessens as the length of detention increases. Id. at 1083-84. In Nadarajah, the Court found the 52 months of detention were a great hardship that accordingly reduced the required showing of likelihood of success. Id.

Petitioner's case is factually similar to Tijani and Nadarajah, and therefore he too is entitled to consideration for release. Like Tijani, petitioner can raise his argument for release through the vehicle of a § 2241 petition, and he also can point to substantial arguments regarding his deportation proceeding. His petition for review in the Ninth Circuit argues that the immigration judge at the removal hearing erred in holding petitioner was ineligible for relief in the form of withholding under the Convention Against Torture. Petitioner presented evidence of his official maltreatment by Kenyan officials and his abiding fear that if he were returned there, the persecution would re-commence. However, the IJ made an adverse credibility finding on the erroneous ruling that petitioner's account lack corroboration. The IJ abused his discretion in not allowing petitioner's brother to testify telephonically from Sweden in support of the CAT claim. In the appeal before the BIA , petitioner submitted supporting documentation that he was in police custody without charge

at the time of his physical abuse and that a warrant remains outstanding for his arrest. However, the BIA erred in failing to consider these supporting documents. His claims would counts as a "substantial question" under the Tashima analysis in Tijani. Moreover, as Judge Tashima observed, the detainee need not show certainty of outcome to gain release, just that "a closer look is surely required." Tijani, 430 F.3d at 1248 (Tashima, J., concurring).

Also, as in Nadarajah, petitioner here can demonstrate a basis for release by comparison with the equitable factors in Fed. R. App. P. 23(b). He raises substantive legal and factual questions. His continued loss of personal liberty in itself constitutes irreparable harm. As for the balance of hardships, the Court in Nadarajah found that 52 months' detention was a very burdensome hardship which correspondingly lessened the required showing of likely success on appeal, and the 32 months of detention in Tijani was deemed excessive, petitioner here has been in respondents' custody for over **24 months**. His burden of probable success, too, must be significantly lessened.

Balancing the factors identified in case law for release of detainees while legal challenges are pending, petitioner is entitled to release at least as much as the petitioners in Tijani and Nadarajah. He is therefore likely to succeed on the merits of his claims, which supports appointment of counsel.

**B. The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.**

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." Rand, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,...[or] if an

evidentiary hearing is required." Weygandt, 718 F.2d at 954 (other internal citations omitted).[2]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. The relief established by Tijani and Nadarajah stem from substantive due process principles articulated in Zadvydas and subsequent Supreme Court cases. Although the trend in these cases is clear, the Ninth Circuit's application of Zadvydas and progeny to the case of detainees with substantive appeals is a recent development in this Circuit's case law. Precise articulation of the issues involved and the proper contours of relief in individual cases requires a thorough understanding of the cases and the historical development of this area of law. In short, it requires the knowledge and advocacy skills of a legal professional for proper presentation to this Court.[3]

Since the petitioner is in the custody of federal immigration officials, moreover, an analysis of immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'" United States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002) (citations and internal quotations omitted). In most cases involving immigration law, "[a] lawyer is often the only person who could thread the labyrinth.'" Id. The absence of counsel during immigration proceedings will be prejudicial when an attorney could have assisted a litigant in seeking relief under applicable immigration laws, statutes, and cases. Id. at 951-52 (prohibiting the use of a deportation order during a subsequent prosecution for illegal re-entry because the absence of counsel affected the alien's ability to ascertain his eligibility for a waiver of deportation, the

---

[2] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

[3] See, e.g., Judge Hayes's Order in Malcalma v. Chertoff, attached to the Petition for Writ of Habeas Corpus, appointing counsel in a case raising arguments for release under Tijani and Nadarajah attached to the Declaration of James Fife.

viability of a claim of United States citizenship, and his ability to obtain "special permission" to return to the United States after his deportation).

Although petitioner has completed some higher education in the United States, he has no background or familiarity with the legal system that would allow him to prosecute a petition for writ of habeas corpus dealing with the highly complex area of immigration law. Moreover, the particular claims raised by petitioner under Tijani and Nadarajah relate to an emerging and actively evolving area of law at the intersection of two complex bodies of jurisprudence: administrative immigration law and the substantive law and procedure of habeas corpus. These are areas into which even experienced counsel may hesitate to tread, let alone an unaided layman.

The need for professional advocacy in ordinary Zadvydas cases has been repeatedly and consistently recognized by this Court in the past. See Fife Declaration and attached appendices. These orders show that it is the regular response of this Court to appoint counsel precisely for those in petitioner's circumstances. The only difference between this and the other cases is that the legal issues here are significantly more complex. Intricate as regular Zadvydas cases can be, the present petition hinges on the scope and interpretation of recent and emerging Ninth Circuit case law. Petitioner's claims under Tijani and Nadarajah are based on very recent precedents, which to date have no subsequent, binding analysis or explication. Such discussion is currently evolving. The issues involved in this case are not well-settled principles which a layman can fully grasp and adequately present. This case engages the intertwined jurisprudence of immigration law and habeas corpus, two highly complex and unique fields of law. Moreover, Tijani/Nadarajah petitions have been vigorously contested in a number of district court decisions. See Martinez v. Gonzales, 504 F. Supp.2d 887 (C.D.Cal. 2007); Njai v. Gonzales, No. CV 05-3704-PHX-SRB (BPV), 2007 WL 2174963 (D.Ariz. July 26, 2007); Martinez-Herrera v. Crawford, No. CV07 0267-PHX- NVW (DKD), 2007 WL 2402737 (D.Ariz. June 20, 2007); Ali v. Crawford, No. CV 06-01149-PHX-EHC, 2007 WL 1670175 (D.Ariz. June 8, 2007). A layman

cannot be expected to digest the arguments and rulings in these various decisions and effectively relate them to the arguments likely to be raised by respondents. This is currently a very contentious area of law, one requiring the skills of trained counsel, not only to preserve petitioner's right to due process, but also to ensure that the issues are fully and adequately aired, permitting this Court to make a correct legal decision on the claims. Proper consideration of a complex area of emerging law justifies the appointment of counsel to represent petitioner in this case.

The petitioner's lack of expertise in legal issues warrants the appointment of counsel. The petitioner arrived in the United States when he was 22 years old. He has attended some higher education classes here, but has not graduated. See Declaration of James Fife, ¶¶ 15-16. However, the absence of any formal legal background or training poses an obstacle to the petitioner's understanding of the issues involved in the instant proceedings, and warrants the appointment of counsel to help him obtain the relief requested in his habeas petition. See id. ¶ 16.

Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if it is "necessary for the effective utilization of discovery procedures, . . . [or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the petitioner's habeas petition, including information relating to his criminal history, his bail or parole history, his institutional history, the content of communications between federal immigration officials and the embassy of the petitioner's native country, and other documents relating to his detention by respondents.

The petitioner cannot effectively pursue and obtain discovery from respondents that he will need to adequately present his claims and suitability for relief without the assistance of counsel, in light of his limited education and lack of familiarity with the legal procedures involved in requesting and obtaining discovery. Moreover, the petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file") or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid

of counsel. The need for discovery, too, suggests the need for the appointment in the instant matter.

**C. The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.**

Both parties may be required to present argument and evidence regarding suitability for release, and the appropriateness of specific conditions of release may be disputed. A presentation of evidence before this Court, or subsequently to an immigration judge, may be needed should the Court grant the petition conditioned on additional showings. Therefore, assistance of counsel may be necessary to litigate disputed issues of fact. See Lawson v. Borg, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); see also Weygandt, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The petitioner lacks a sufficient legal background to advocate for himself during a contested release hearing. See Declaration of James Fife, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the petitioner's rights are adequately protected in contested habeas proceedings.

**D. The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v. Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas petitioners, and to thereby require habeas petitioners to pay full filing fees and court costs.

The petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with the instant motion. Since the petitioner is not filing another civil action for relief from the

conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his petition for relief, or otherwise penalize the petitioner, for his failure to pay the full amount of filing fees specified in 28 U.S.C. § 1915.

## CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 11/29/07

SYLVESTER OWINO
Petitioner