FILED
07 DEC 18 PM 4:00
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SYLVESTER OWINO,

Petitioner,

vs.

MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,

Respondents.

CASE NO. 07cv2267 WQH (POR)

**ORDER**

HAYES, Judge:

The matters before the Court are Petitioner Sylvester Owino's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Doc. # 1), and the Motion for Appointment of Counsel, pursuant to 18 U.S.C. § 3006A (Doc. # 3).

**Background**

Petitioner is in the custody of the Department of Homeland Security (DHS). Petitioner seeks release from custody on the basis of *Tijani v. Willis,* 430 F.3d 1241 (9th Cir. 2005) and *Nadarajah v. Gonzales,* 443 F.3d 1069 (9th Cir. 2006), which apply the Supreme Court's principles on indefinite detention laid down in *Zadvydas v. Davis,* 553 U.S. 678 (2001), to detainees who are subjected to prolonged detention and whose orders of removal are on review. Petitioner alleges that he has been subjected to prolonged detention because he has been in DHS

custody since November 8, 2005, and that his order of removal is on review.

**Order to Show Cause**

Having reviewed Petitioner's claims, the Court finds that summary dismissal of the Petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO SHOW CAUSE** why the petition should not be granted by:

(1) filing a written return no later than **Friday, January 18, 2008.**

(2) filing copies of all documents, orders and transcripts relevant to the petition; and

(3) filing a memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the petition.

If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than **Friday, February 15, 2008.**

**Motion to Appoint Counsel**

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12 (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has clearly presented the facts and law in his Petition for Writ of Habeas Corpus. After reviewing Petitioner's Motion for Appointment of Counsel in light of his Petition for Writ of Habeas Corpus, the Court concludes that the failure to appoint counsel at this stage of the proceedings would not amount to a denial of due process.

**Conclusion**

IT IS HEREBY ORDERED that Respondents are **ORDERED TO SHOW CAUSE** why Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) should not be granted, and shall respond to this Order as outlined above.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (Doc. # 3) is **DENIED without prejudice.**

DATED: 12/18/07

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE