KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119

Attorneys for Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO , Petitioner, v. MICHAEL CHERTOFF, Secretary of Homeland Security; et al., Respondents. | No. 07cv2267-WQH (POR) A97 469 354 **EXHIBITS** |

April 28, 2004 Form I-213 (Record of Deportable/Inadmissible Alien). . . . . . 1-2

Removal proceedings charging documents.. . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

IJ’s April 10, 2006 minute order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

BIA’s August 2, 2006 decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9

Ninth Circuit docket sheet, Owino v. Gonzales, No. 06-74297. . . . . . . . . . . 10-14

November 2006 Post Order Custody Review Worksheet.. . . . . . . . . . . . . . . . 15-21

Form I-229 dated January 18, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23

.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

Family Name (CAPS) First Middle: OWINO, Sylvester Otieno
Sex: M | Hair: BLK | Eyes: BRO | Cmplxn: BLK

Country of Citizenship: KENYA
Passport Number and Country of Issue: A416129KEN
File Number: Case No: SND0404001171 A097 469 354
Height: 70 | Weight: 170 | Occupation: "ANYTHING"

U.S. Address: IMMIGRATION AND CUSTOMS ENFORCEMENT 880 FRONT STREET SAN DIEGO, CALIFORNIA 92101
Scars and Marks: See Narrative

Date, Place, Time, and Manner of Last Entry: 12/16/1998, 1807, At PHO, F-1 STUDENT
Passenger Boarded at: KENYA,
F.B.I. Number: 118673NB9
☐ Single ☐ Divorced ☒ Married ☐ Widowed ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence:
Method of Location/Apprehension: CAP 511.2.2

Date of Birth: 04/05/1976 Age: 28
Date of Action: 04/28/2004
Location Code: SND/SND
At/Near: San Diego, CA
Date/Hour: 10/09/2003 0900

City, Province (State) and Country of Birth: BUSIA, KENYA
AR ☒ Form: (Type and No.) Lifted ☐ Not Lifted ☐
By: JEFFREY R. ROBERTS

NIV Issuing Post and NIV Number:
Social Security Account Name: NOT VERIFIED,
Status at Entry: Student
Status When Found: IN INSTITUTION

Date Visa Issued: UNKNOWN F-1 U.S.I.A. STUDENT
Social Security Number: 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
Length of Time Illegally in U.S.: NOT APPLICABLE

Immigration Record: NEGATIVE
Criminal Record: See narrative

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate): DUBLYN, Wanda 619-443-4199 Nationality: UNITED STATES
Number and Nationality of Minor Children: CLAIMS 1 / USC

Father's Name, Nationality, and Address, if Known: OWINO, George Nationality: KENYA
Mother's Present and Maiden Names, Nationality, and Address, if Known: AKINYI, Margaret Nationality: KENYA

Monies Due/Property in U.S. Not in Immediate Possession:
Fingerprinted? Yes ☐ No ☒
INS Systems Checks: See Narrative
Charge Code Word(s): R2A3

Name and Address of (Last)/(Current) U.S. Employer: CALIFORNIA STATE PRISON INMATE
Type of Employment: Unemployed or Retired
Salary: Hr.
Employed from/to: / / / /

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

SCARS, MARKS AND TATTOOS
None visible

INS SYSTEMS CHECKS
Central Index System Negative
Deportable Alien Control System Negative
National Crime Information Center Positive
SUNS description needed Negative
Treasury Enforcement Communications System Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by ROBERTS

CALIFORNIA DEPARTMENT OF CORRECTIONS NUMBER: V04636
CALIFORNIA DEPARTMENT OF CORRECTIONS NAME: OWINO, SYLVESTER
CII: CA21525529

I-213 Verified
@ ced DNF
AG. Jea.

SUBJECT is a male native and citizen of KENYA by virtue of his birth in Busia, Kenya. Treasury Enforcement Communications System (TECSII) checks indicate that the subject entered the United States on December 16, 1998 by plane (BRITISH AIRWAYS FLIGHT NUMBER BA 2289) at Phoenix, Arizona. Subject was admitted as a F-1 U.S.I.A. STUDENT at the

Alien has been advised of communication privileges. ____________(Date/Initials)

JEFFREY R. ROBERTS
DEPORTATION ENFORCEMENT AGENT
(Signature and Title of INS Official)

Distribution:
TO FILE
STATS
DACS

Received: (Subject and Documents) (Report of Interview)
Officer: JEFFREY R. ROBERTS
on: April 28, 2004 at ________ (time)
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer: FERNANDO CARVAJAL

Immigration and Naturalization Service — Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| OWINO, Sylvester Otieno | Case No: SND0404001171<br>A097 469 354 | 04/28/2004 |

University of California, San Diego, California with a valid Kenyan passport (Number A418119KEN). Subject used his passport and an I-94 to get a California Driver's License on May 31, 2000.

SUBJECT claims to be a conditional resident through marriage to a United States citizen named Wanda Dublin (phone#619-443-4199). Dublin states that she does not know Sylvester Owino. Computer Linked Application Information Management System (CLAIMS) searches for pending applications and Central Index System (CIS) searches for an assigned A number were all negative.

SUBJECT was convicted on June 30, 2003 in the Superior Court of California, County of San Diego, El Cajon, for the offense of ROBBERY 2nd DEGREE, in violation of Section 211 of the California Penal Code (San Diego County Court Case#SCE229756). Subject received enhancements to his prison term for using a weapon, to wit: knife, in the commission and attempted commission of the above offense. Subject was sentenced to a period of confinement of 3 years prison. This crime is classifiable as an AGGRAVATED FELONY, Crime of Violence, as defined in section 101(a)(43)(F) of the Immigration and Naturalization Act, as amended.

UPON RELEASE TO ICE CUSTODY, subject will be served with a NOTICE TO APPEAR before an Immigration Judge in a Section 240 Removal Hearing charged with being convicted of an Aggravated Felony After Entry, in violation of Section 237 (a)(2)(A)(iii) of the Immigration and Naturalization Act, as amended.

| Signature | Title |
|---|---|
| JEFFREY R. ROBERTS | IMMIGRATION ENFORCEMENT AGENT |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

2

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear, Bond, and Custody Processing Sheet

**A. Alien's Name**
Sylvester Otieno OWINO

| Date of birth | File No. | Date of processing |
|---|---|---|
| 04/05/1976 | Case No: SND0404001171<br>A097 469 354 | 04/28/2004 |

**Address**
IMMIGRATION AND CUSTOMS ENFORCEMENT 880 FRONT STREET SAN DIEGO CALIFORNIA 92101

**Factual Allegations** (attach separate sheet if necessary): ☐ Charged under section 212 as inadmissible ☒ Charged under section 237 as deportable

See I-831

☐ Attorney of Record?

**Supporting Evidence** CERTIFIED CONVICTION DOCUMENTS ENCLOSED.

**B. ADDITIONAL FACTORS TO BE CONSIDERED FOR BOND/CUSTODY DETERMINATION**

1. Is a petition or application pending for this alien or a family member? (Explain)
SUBJECT CLAIMS TO BE AN I-130 APPLICANT BUT CLAIMS CHECKS WERE NEGATIVE.

2. Total times apprehended
Bonded before? N How many times?____ Released O/R before? N
Bond breached? N How many times?____ Complied with terms of O/R? ____

3. Present health of subject, spouse and children (Explain if other than good)
APPEARS GOOD.

4. Total time in U.S., dates and location; residing with (Family members or others)
ENTERED 12/16/1998 AS A U.S.I.A. STUDENT AT U.C.S.D.

5. Personal property in U.S. (Liquid and non-liquid assets)
NOT VERIFIED.

6. Family members in U.S. (Spouse, children, immediate relatives) address if different than subject's
CLAIMS SPOUSE AND 1 USC CHILD.

7. Employment history: (Other than current)
From / / To / / CALIFORNIA STATE PRISON INMATE

8. Other factors (i.e. false claim, attempted flight, unsupervised children at home, etc.)
CONVICTED OF AN AGGRAVATED FELONY CRIME OF VIOLENCE AFTER ENTRY.

**C.** The undersigned recommends: ☐ V/D without OSC ☒ NTA Charges (Code) B2A3

Signature and title of officer JEFFREY R. ROBERTS IMMIGRATION ENFORCEMENT AGENT

**D.** Approved as to legal sufficiency: Date:________ Office:________

Signature and title of Service counsel:________

**E.** Based on the above information I have set the following bond: $ No Bond Date: 04/28/2004 Office: SND/SND

Signature and title of authorizing official: ________ , ASAC

3

Form I-265 (Rev. 4/1/97)N

Immigration and Naturalization Service

**Continuation Page for Form I-265**

| Alien's Name | File Number | Date |
|---|---|---|
| Sylvester Otieno OWINO | Case No: SND0404001171<br>A097 469 354 | 04/28/2004 |

**FACTUAL ALLEGATIONS**

1) You are not a citizen or national of the United States;

2) You are a native of KENYA and a citizen of KENYA;

3) You were admitted to the United States at PHOENIX, ARIZONA on or about December 16, 1998 as a F-1 STUDENT;

4) You were, on June 30, 2003, convicted in the Superior Court of California, County of San Diego, for the offense of ROBBERY, SECOND DEGREE, in violation of Section 211 of the California Penal Code;

5) You were sentenced to a term of imprisonment of 3 years.

| Signature | Title |
|---|---|
| [signature]<br>JEFFREY R. ROBERTS | IMMIGRATION ENFORCEMENT AGENT |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

4

IMMIGRATION COURT
446 ALTA ROAD, STE 5400, COURTROOM 4
SAN DIEGO, CA 92158

In the Matter of

OWINO, SYLVESTER OTIENO
Respondent

Case A97-469-354

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 10, 2006. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[X] The respondent was ordered removed from the United States to Kenya.
[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to alternative to
[ ] Respondent's application for voluntary departure was granted until upon posting a bond in the amount of $________ with an alternate order of removal to
[X] Respondent's application for asylum was ( )granted (X)denied ( )withdrawn. Ineligible
[ ] Respondent's application for withholding of removal was ( )granted (X)denied ( )withdrawn. Ineligible
[ ] Respondent's application for cancellation of removal under section 240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( )granted under section 240A(b)(1) ( )granted under section 240A(b)(2) ( )denied ( )withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____ of the INA was ( )granted ( )denied ( )withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a ________ until ________.
[ ] As a condition of admission, respondent is to post a $______ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[X] Other: Torture Convention Relief Denied 208.16 - 208.18 8 CFR

Date: Apr 10, 2006
Appeal: WAIVED Appeal Due By: May 10, 2006 by Respondent.

ZSA ZSA DEPAOLO
Immigration Judge

SSI

5

**U.S. Department of Ju  ce**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**CARR, ROBIN CHANDLER,ESQUIRE**
**3065 ROSECRANS PLACE**
**SUITE 206**
**SAN DIEGO, CA 92110-0000**

**Office of the District Counsel/SND**
**880 Front St., Room 1234**
**San Diego, CA 92101-8834**

**Name: OWINO, SYLVESTER OTIENO**

**A97-469-354**

**Date of this notice: 08/02/2006**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr

Donna Carr
Acting Chief Clerk

Enclosure

Panel Members:
PAULEY, ROGER

gilmorec 6

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Decision of the Board of Immigration Appeals**

Falls Church, Virginia 22041

File: A97 469 354 - San Diego

Date: AUG - 2 2006

In re: SYLVESTER OTIENO OWINO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Robin Chandler Carr, Esq.

ON BEHALF OF DHS: Kerri A. Harlin
Assistant Chief Counsel

CHARGE:

Order: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony

APPLICATION: Deferral of removal under the Convention Against Torture

ORDER:

PER CURIAM. The respondent's timely appeal of an Immigration Judge's decision dated April 10, 2006, finding the respondent removable as charged; denying his application for deferral of removal under the Convention Against Torture; and ordering him removed from the United States to Kenya, is dismissed. The respondent's request to proceed on appeal *in forma pauperis* is granted under 8 C.F.R. § 1003.8(c). *See Matter of Chicas*, 19 I&N Dec. 114 (BIA 1984).

Initially, we do not find the Immigration Judge's adverse credibility finding is supported by the record. The Immigration Judge's adverse credibility was based, in large part, on the Immigration Judge's speculation concerning the plausibility of the respondent's testimony and evidence presented. However, it is error to render an adverse credibility finding based on speculation rather than substantive evidence. *See Matter of A-S-*, 21 I&N Dec. 1106 (BIA 1998); *Matter of B-*, 21 I&N Dec. 66 (BIA 1995); *see also Bandari v. INS*, 227 F.3d 1160, 1168 (9th Cir. 2000); *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.

7

A97 469 354

2000); *Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir. 2000); *Cordon-Garcia v. INS*, 204 F.3d 985, 993 (9th Cir. 2000); *Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996). An assessment of implausibility is an assessment of the evidence and goes to the weight of the evidence, *i.e.*, proof of the claim, not credibility. It is not, by itself, a basis for finding a witness not credible. *See Matter of A-S-, supra*; *Matter of B-, supra*.

However, even assuming the credibility of the respondent, we concur with the Immigration Judge that the respondent failed to prove his claims. The respondent bears the burden of proving, by objective evidence, that it is "more likely than not" that he will be subjected to torture in order to qualify for the relief of deferral of removal under the Convention Against Torture. 8 C.F.R. §§ 1208.16(c)(3) and 1208.17(a); *see also Al Najjar v. Ashcroft*, 257 F.3d 1262, 1303 (11th Cir.2001) (*quoting* 8 C.F.R. §§ 208.16(c)(2)(2001)); *see also Elien v. Ashcroft*, 364 F.3d 392, 398 (1st Cir.2004) (stating that "[t]he alien applying for CAT protection must bear the burden to prove, by objective evidence, that it is *more likely than not* that he will be tortured if he is deported"); *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (stating the standard of relief under CAT "has no subjective component, but instead requires the alien to establish, by objective evidence, that he[/she] is entitled to relief"). Here, the respondent failed to establish, by objective evidence, that it is more likely than not he will be tortured if returned to Kenya. The respondent's contention that there exists corruption in the ranks of government officials in Kenya is not in dispute. However, the respondent here has failed to establish a *nexus* between the corruption of some government officials in Nigeria and his claimed fear of being tortured. *See* 8 C.F.R. § 1208.16(c)(2); *See Matter of Y-L-, A-G-, R-S-R-*, 23 I&N Dec. 270 (A.G. 2002). The weaker and more generalized the respondent's testimony, the greater the need for corroborating evidence. *Matter of Y-B-*, 21 I&N Dec. 1136 (BIA 1998); *see also Matter of Y-L-, A-G-, & R-S-R, supra*. We agree with the Immigration Judge's conclusion that the respondent has failed to establish his eligibility for deferral of removal under the Convention Against Torture, if removed to Kenya.

We observe that accompanying a brief submitted on appeal, the respondent submitted additional documents for consideration. We have held that all evidence which is pertinent to determinations made during deportation, exclusion, or removal hearings, must be adduced at the hearing before the Immigration Judge. *See Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984); *see also Matter of C-*, 20 I&N Dec. 529, 530 n.2 (BIA 1992). The Board is an appellate body whose function is to review, not to create, a record. *See* 8 C.F.R. §§ 1003.1(b) and 1003.5. The record we review on appeal is the record before the Immigration Judge. *See Matter of Haim*, 19 I&N Dec. 641 (BIA 1988).

Moreover, even if we were to accept the respondent's request as a motion to remand to consider the new evidence, the motion would be denied. The respondent does not specify what steps he took to try to secure the documents in time for the hearing. Nor does he explain how he was suddenly successful in obtaining the documents now. Therefore, we find that the respondent has failed to establish that the statements he now wishes to have considered were not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1).

A97 469 354

The respondent raises no other arguments on appeal which were not addressed by the Immigration Judge or which would cause us to reverse the Immigration Judge's decision. Accordingly, the appeal is dismissed.

FOR THE BOARD

9

Search for Case

Help

Print Page

# General Docket

## US Court of Appeals for the Ninth Circuit

```
Court of Appeals Docket #: 06-74297                         Filed: 9/1/06
Nsuit:    0
Owino, et al v. Gonzales
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
     1) agency
     2) review
     3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0974-3 : A97-469-354
     Date Filed: 9/1/06
     Date order/judgment: **/**/**
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: in forma pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
   None

Docket as of September 17, 2007 11:17 pm                Page 1
```

---

```
06-74297 Owino, et al v. Gonzales

SYLVESTER OTIENO OWINO              Sylvester Otieno Owino
     Petitioner                     Reg. No. 97469-354
                                    [NTC prs]
                                    SDCF - SAN DIEGO CORRECTIONAL
                                    FACILITY
                                    P.O. Box 439049
                                    San Diego, CA 92143

   v.

ALBERTO R. GONZALES, Attorney       CAS-District Counsel
General                             (619)233-7036
     Respondent                     Suite 1234
                                    [COR LD NTC gov]
                                    OFFICE OF THE DISTRICT COUNSEL
                                    Department of Homeland Security
                                    880 Front Street
```

10

San Diego, CA 92101-8897

Ronald E. LeFevre, Chief
Counsel
[COR LD NTC gov]
OFFICE OF THE DISTRICT COUNSEL
Department of Homeland Security
P.O. Box 26449
San Francisco, CA 94126-6449

Richard M. Evans, Esq.
FAX 202/616-4950
202/616-4853
[COR LD NTC gov]
Richard M. Evans, Esq.
(See above)
[COR NTC gov]
DOJ - U.S. DEPARTMENT OF
JUSTICE
Civil Div./Office of
Immigration Lit.
P.O. Box 878, Benjamin Franklin
Station
Washington, DC 20044

Andrew Oliveira, Esq.
FAX 202/514-4260
202/616-4853
[COR LD NTC gov]
U.S. DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 878, Ben Franklin
Station
Washington, D.C., 20044

Docket as of September 17, 2007 11:17 pm Page 2

---

06-74297 Owino, et al v. Gonzales

SYLVESTER OTIENO OWINO

Petitioner

v.

ALBERTO R. GONZALES, Attorney General

Respondent

Docket as of September 17, 2007 11:17 pm Page 3

---

06-74297 Owino, et al v. Gonzales

11

| | |
|---|---|
| 9/1/06 | FILED (PRO SE) INS Petition for REVIEW and Motion for Stay. Docketed Cause and Entered Appearance of Counsel. Pursuant to G.O. 6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT pending further order. The schedule is set as follows: Pursuant to G.O. 6.4(c)(1)(3), the schedule is set as follows: Cert. Admin. Record due 10/27/06 Response to motion for stay due 11/24/06 for Alberto R. Gonzales. (MOATT) [06-74297] (mj) |
| 9/1/06 | Filed Petitioner Sylvester Otieno Owino's motion to stay deportation (see schedule above) [06-74297] served on 8/28/06 [5936253](MOATT) [06-74297] (mj) |
| 9/1/06 | Detained: Yes [06-74297] (mj) |
| 10/2/06 | Filed order (Deputy Clerk: jlc) A review of the docket reflects that petitioner has not paid the docketing and filing fees for this petition. Within 21 days of the entry of this order, petitioner shall: (1) file a motion with this court to for leave proceed ifp; (2) pay $450 to this court as the docketing and filing fees for this petitin; or (3) otherwise show cause why the petition should not be dismissed for failure to prosecute. The admin record and the response to the motion for stay of removal remains due 10/27/06 and 11/24/06 respectively. If petitioner fails to comply with this order, the petition will be dismissed automatically by the clerk under 9th Cir.R. 42-1. [06-74297] (ft) |
| 10/18/06 | Filed Petitioner Sylvester Otieno Owino's motion for stay of removal [06-74297] served on 10/13/06 [5982160] (MOATT) [06-74297] (ft) |
| 10/19/06 | Filed Petitioner Sylvester Otieno Owino's motion to appoint counsel of record. [06-74297] served on 9/22/06 [5982149] (MOATT) [06-74297] (ft) |
| 10/31/06 | Electronic Certified Administrative Record Filed. CD-ROMS: 1 [06-74297] (rayc) |
| 11/24/06 | Filed notice of appearance of Richard Evans Marion E. Guyton (Withdrew as counsel: attorney OIL for Alberto R. Gonzales [06-74297] (ft) |
| 11/24/06 | Filed Respondent Alberto R. Gonzales response opposing appellant's motion stay deportation [5936253-1] served on 11/22/06 (MOATT) [06-74297] (ft) |
| 12/13/06 | Filed Petitioner Sylvester Otieno Owino reply to objection to respondent's opposition to petitioner's motion to stay; ; served on 12/11/06 [06-74297] (MOATT) (ft) |
| 2/7/07 | Rec'd notice of change of address from Sylvester Otieno Petitioner dated 2/1/07. ( [06-74297] (ft) |



12

06-74297 Owino, et al v. Gonzales

2/23/07 Filed order ( A. W. TASHIMA, Sidney R. THOMAS, ): The motion for a stay of removal pending review is denied. Petitioner's motion for appt of csl is denied. No motions for reconsideration, clarification, or modification of this denial shall be filed or entertained. The admin record has been filed. The opening brief is due 4/23/07; the answering brief is due 6/25/07. [06-74297] (ft)

3/5/07 Received letter from pro se re: Requesting copy of briefing schedule. ( sent on 2/23/07) (ft)

4/13/07 Filed Petitioner Sylvester Otieno Owino's motion to reconsider en banc the court's order denying Petitioners motion for temporary stay of removal; [06-74297] served on 4/9/07 [6147332] (NAN-per 2/23/07 order) [06-74297] (ft)

4/17/07 Received Petitioner Sylvester Otieno Owino's brief in n copies 23 pages ( Informal: y) deficient: Referred to PROSE; fee still pending per 10/2/06 order) served on 4/12/07 [06-74297] (ft)

4/27/07 Filed order (Deputy Clerk: jlc) A review of the docket reflects that petitioner has not paid the docketing and filing fees for this petition pursuant to this court's 10/2/06 order. Petitioner shall have one final opportunity to comply with the 10/2/06. Within 21 days of the entry of this order, petitioner shall: (1) file a motion with this court to proceed ifp; (2) pay $450 to this court as the docketing and filing fees for this petition; or (3) otherwise show cause why the petition should not be dismissed for failure to prosecute. If petitioner fails to comply with this order, the petition for review will be dismissed automatically by the Clerk under 9th Cir.R. 42-1. The Clerk shall provide a copy of Form 4 of the Ninth Circuit Rule to petitioner along with this order pursuant to FRAP 24. [06-74297] (ft)

5/14/07 Filed Petitioner Sylvester Otieno Owino's motion to proceed in forma pauperis. [06-74297] served on 5/8/07 [6176138] (MOATT) [06-74297] (ft)

5/29/07 Filed notice of appearance of Richard Evans Andrew Oliveira (Withdrew as counsel: attorney Marion E. Guyton for Alberto R. Gonzales [06-74297] (ft)

6/5/07 Filed order (Appellate Commissioner) The motion to proceed ifp is granted. The Clerk shall amend the docket to reflect this status. Petitioner's motion to reconsider the court's 2/23/07 order is denied as untimely. The Clerk shall file the opening brief, received on 4/17/07. The answering brief remains due 6/25/07. [06-74297] (ft)



13

06-74297 Owino, et al v. Gonzales

| | |
|---|---|
| 6/5/07 | Filed original and 7 copies Petitioner Sylvester Otieno Owino opening brief ( Informal: y) 23 pages ; served on 4/12/07 [06-74297] (ft) |
| 6/25/07 | Filed original and 15 copies of respondent Alberto R. Gonzales's 15 page brief; served on 6/21/07. [06-74297] (lee) |
| 7/9/07 | Filed Petitioner Sylvester Otieno Owino's motion to extend time to file reply brief [06-74297] served on 7/3/07 [6228711] (PROMO) [06-74297] (ft) |
| 7/12/07 | Filed order (Deputy Clerk: amt) Petitioner's late motion for an ext of time to file the reply brief is granted. The reply brief is due 8/8/07. [06-74297] (ft) |
| 8/2/07 | Filed Petitioner Sylvester Otieno Owino's motion to extend time to file reply brief [06-74297] served on 7/30/07 [6249496] (PROMO) [06-74297] (ft) |
| 8/7/07 | Filed order (Deputy Clerk: amt) Petitioner's late motion for a 30-day second ext of time to file the reply brief is granted. The reply brief is due 9/7/07. [06-74297] (ft) |
| 9/10/07 | Filed original and 7 copies Sylvester Otieno Owino reply brief, ( Informal: y ) 26 pages; served on 9/5/07 [06-74297] (ft) |
| 9/17/07 | Received letter from pro se re: Wants to know if the court rec'd reply brief. ( Sending docket) (ft) |

Docket as of September 17, 2007 11:17 pm Page 6

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/26/2007 17:26:56 | | | |
| PACER Login: | ux3449 | Client Code: | |
| Description: | dkt report | Case Number: | 06-74297 |
| Billable Pages: | 6 | Cost: | 0.48 |

14

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:** OWINO, Sylvester Otieno

**AKA(s):**

**Date of Birth:** 04/05/1976 **A Number:** A97 469 354

**Place of Birth:** Kenya **Nationality:** Kenya

**Date of Last Arrival:** 12/16/1998 **Place of Arrival:** Phoenix, AZ

**Status at Last Entry:** **Non-immigrant (F1) Last Date into ICE**
**Custody:** 11/07/2005

**Entered ICE Custody from:** ☒ **Local, State, or Federal Institution**
**Institution Name/Location: San Diego County Jail**
**BOP/ Institution Numbers:**

☐ **Other:**

**Deportation Case Officer:** Yadira Avalos **Review Date:** 11/02/2006
**Contact Phone #:** (619) 710-8305

**ICE Location Detained and DCO:** Otay Detention Facility, San Diego, California

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**
☒ Section 237 (a)(2)(A)(iii)
☐ Section 212 (a)
☐ Section 241 (a)

☒ Under Final Order dated: August 2, 2006 by ☐ IJ ☒ BIA ☐ Other:

☒ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed ☒ No

Stay Issued in Case: ☐No ☒ Yes/Why and Who Issued: U.S. Court of Appeals w/the 9th Circuit

## Legal Representative / Attorney

**G-28 Filed:** ☒ Yes ☐ No

**Notification of Review Made:** ☒ No ☐ Yes **By:**

**Name of Representative / Attorney:** Law Office of Robin Carr

**Mailing Address:** 301 W. "A" St.
San Diego, CA 92101 **Telephone Number:** (619) 234-3635

15

**Present during interview:** ☐ Yes ☒ No

(Rev. 1/19/05)

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.)

| |
|---|
| On December 16, 1998, OWINO was admitted to the United States at Phoenix, AZ as a non-immigrant F-1 student. On November 7, 2005, U.S. Immigration and Customs Enforcement (ICE) served OWINO with a Notice to Appear (NTA) charging him as removable from the United States under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). On April 10, 2006, an Immigration Judge denied OWINO's applications for Asylum, Withholding of Removal and the Convention Against Torture, and ordered him removed from the United States to Kenya. OWINO filed an appeal with the Board of Immigration Appeals (BIA) and on August 2, 2006, the BIA dismissed this appeal. OWINO subsequently filed a Petition for Review and a Motion for Stay of Deportation with the United States Courts of Appeals for the Ninth Circuit. This petition and motion are currently pending. |

**NCIC Checks:** ☒ Criminal History (State and Federal) ☐ No Record Found

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)
(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

| |
|---|
| 06/30/2003 – Robbery, Second Degree - Sentence: 3 years incarceration. |

16



Fax sent by : 7108397 removal unit 01/17/08 15:48 Pg: 2/7

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No

If Yes, List & Describe:

Source:

**Disciplinary reports and incidents while in ICE Custody?** ☐ Yes ☒ No

If Yes, List & Describe:

Source:

## Specifics of Review

**Date of File Review**: 11/02/2006

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: Yadira Avalos

#2:

**Interpreter Used:** (If subject was interviewed) ☐ Yes ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

No interview conducted, only file review.

17

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to ***prevent*** removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

On August 11, 2006, OWINO was served with an I-229 for refusing to fill out his travel document application.

List ICE's attempts to obtain a travel document and status:

On August 8, 2006, the Removal Unit provided OWINO with a travel application for which he refused to fill out, indicating that his attorney was in the process of appealing his case.

**Does the detainee have a place to live in the United States?** ☒ Yes ☐ No
Describe: 301 Compton St.
El Cajon, CA 92020

**Is the detainee subject to any parole or probation requirements?** ☒ Yes ☐ No
Describe: INS 4/El Cajon 3
1400 N. Johnson Ave. Ste. 114
El Cajon, CA 92020 (760) 441-2302

**Does the detainee have close family ties within the United States?** ☒ Yes ☐ No
Describe: Claims to have friends

**Does the detainee have community ties or non-governmental sponsors?** ☐ Yes ☒ No
Describe:

**Does the detainee have any employment prospects?** ☒ Yes ☐ No
Describe: Hectors Mobile Washing & Detailing and Kryspy Kreme

**What is the detainee's employment history?**
Describe: Towards Maximum Independence & St. Madelines Sphies Center

**What is the detainee's educational level?**
Describe: Claims he completed 3 years of University in Africa and the U.S.

**Does the detainee have any vocational training?** ☒ Yes ☐ No
Describe:

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Describe: Certificates of completion for: OSHA required forklift operator, Substance Abuse Program and Narcotics Anonymous Program

## <u>Medical/Psychological Concerns</u>

**Does the detainee have any medical or psychological issues:** ☐ Yes ☒ No

**<u>Description (to include Date and Source):</u>**

| |
|---|
| |

19

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

| |
|---|
| See package in file |

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No** ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

## Officer Comments/Analysis & Recommendation

OWINO is a 30-year-old male native and citizen of Kenya who entered the United States on December 16, 1998, at Phoenix, AZ as a non-immigrant F-1 student. On April 10, 2006, an Immigration Judge denied OWINO's applications for Asylum, Withholding of Removal and the Convention Against Torture, and ordered him removed from the United States to Kenya. OWINO filed an appeal with the Board of Immigration Appeals (BIA) and on August 2, 2006, the BIA dismissed this appeal. OWINO subsequently filed a Petition for Review and a Motion for Stay of Deportation with the United States Courts of Appeals for the Ninth Circuit. This petition and motion are currently

A review of OWINO's A-file reveals conviction in 2003 for the violent offense of "Robbery: Second Degree" which involved the used of a deadly weapon. This crime clearly demonstrates OWINO's propensity for violence. For this crime OWINO is considered a danger to the community if released granted.

Based on the violent nature and severity of OWINO's criminal history and the likelihood that he will re-offend, it is this officer's belief that OWINO poses a danger to the community if released. For these reasons, I recommend that OWINO remain in custody at this time. In addition, ICE considers OWINO to be a "flight risk" since there is a strong probability of ICE effecting his removal to Kenya in the near foreseeable future.

| | |
|---|---|
| Reviewing Officer #1<br>Name/Title: Glen Beck – (A) SDDO | Date:<br>Signature:__________ |
| Reviewing Officer #2<br>Name/Title: Kent D. Haroldsen - SDDO | Date:<br>Signature:__________ |
| Supervisory Reviewing Officer<br>Name/Title: Anthony Cerone - AFOD | Date:<br>Signature:__________ |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office:

Signature of Deputy Field Office Director:__________ Date: ______ 21

Deciding Official Name:

(Rev. 1/19/05)



Fax sent by : 7108397 removal unit 01/17/08 15:48 Pg: 7/7

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

# Warning for Failure to Depart

| Name: | District Office: | File #: |
|---|---|---|
| OWINO, Sylvester Otieno | SAN DIEGO | A 97 469 354 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

> Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--
>
> (A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,
>
> (B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,
>
> (C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or
>
> (D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,
>
> shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preve the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 04/10/06 | 237 |

**Record of Service**
**(Check method used)**

**( ) Record of Personal Service**

| Served By: (Print Name and Title of Officer) | Date: |
|---|---|
| Deportation Officer M. Coronado | 01/18/08 |

| Officer's Signature: | Location of Service: |
|---|---|
| M. Coronado | Otay Detention Facility / San Diego Field Office |

| Served On: (Alien's Signature) | Date: |
|---|---|
| [signature] | 01/18/08 |

**( ) Warning administered in Court**
**(Copy of order attached)**

**( ) Certified Mail Service**

**Attach certified mail receipts here.**

**Record of Personal Service (Cont.)**

**Fingerprint of Alien (Specify finger used)**

R. I.



**Form I-229(a)**
**(Revised 12/04/02)**

**ICE Copy / Alien Copy**

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*<u>Mandatory requirements will be checked off by the INS officer depending on the facts of each case</u>. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

- ✕ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.
- ✕ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
- ✕ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.
- ✕ Submit to the ICE, birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.
- ✕ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.
- ✕ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.
- You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.
- Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.
- Provide ICE with written copies of responses from embassies or consulates regarding your requests.
- Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

Other:____________________________________________________________

__________________________________________________________________.

Alien's Signature___________________________________ A # **<u>97 469 354</u>**

Served by **<u>Deportation Officer M. Coronado</u>** on **<u>01/18/08</u>** at the **<u>Otay Detention Facility.</u>**

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

23