KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO , Petitioner, v. MICHAEL CHERTOFF, Secretary of Homeland Security, et. al., Respondents. | No. 07cv2267-WQH (POR)<br>A97 469 354<br><br>GOVERNMENT'S COURT-ORDERED STATUS REPORT |

This status report is submitted pursuant to the Court's April 30, 2008 Order. Owino continues to take actions which are hampering his repatriation to Kenya. In particular, last week he made a communication with the Kenyan Consulate that has had the effect of discouraging the Consulate from issuing a travel document. [See accompanying Declaration of Eliana Hayes.] The Government notes an emerging pattern in similar cases in which habeas petitioners and/or their attorneys are communicating with foreign consulates for purposes unrelated to the facilitation of the issuance of a travel document. When there is court supervision in these types of cases, and where the only obstacle to removal is the issuance of a travel document, the Government strenuously objects to any communications by anyone to the consulate other than by or with the approval of the ICE Deportation Officer assigned to the case.

The Government therefore urges denial of the Petition because Owino's further detention is voluntary given his own actions which have delayed the issuance of a travel document from the Kenyan Consulate. See Mau v. Chertoff, -- F. Supp.2d --, 2008 WL 687368 at *4 (S.D. Cal. 2008) (in the context of addressing the Government's voluntariness argument, Judge Gonzalez noted that "the Court is sensitive to the possibility that a removable alien may engage in dilatory tactics in order to compel a determination that his detention was unreasonably long").

The Court should rule that the burden is now on Owino to take affirmative actions to obtain a travel document from the Kenyan Consulate for his repatriation. The Government also recommends that the Court's order contain a finding of fact for the benefit of the Kenyan Consulate that there is no pending stay of removal that would prevent the removal of Owino to Kenya. [Ex. 24.]

DATED: May 19, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ *Samuel W. Bettwy*

SAMUEL W. BETTWY
Assistant U.S. Attorney