1  **JAMES FIFE**
   California State Bar No. 237620
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101
   Telephone No. (619) 234-8467
4  E-mail: james_fife@fd.org

5  Attorneys for Mr. OWINO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| **SYLVESTER OWINO,** | CASE No. 07CV2267-WQH (POR) |
| Petitioner, | **COURT-ORDERED BRIEFING ON PROCEDURE ON REMAND** |
| v. | |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

Pursuant to the Court's Order of August 12, 2009, spreading the mandate in *Owino v. Napolitano*, ___ F.3d ___, No. 08-56392, 2009 WL 2383014 (9th Cir. Aug. 4, 2009), Petitioner hereby submits his brief on the scope and procedure on the remand ordered by the Court of Appeals.

**The Decision in *Owino v. Napolitano***

In *Owino v. Napolitano*, the Ninth Circuit held that, due to its decision to remand in Mr. Owino's petition for review in *Owino v. Holder*, ___ F.3d ___, No. 06-74297, 2009 WL 2392992 (9th Cir. Aug. 4, 2009) (copy of decision attached hereto as an appendix), the statutory basis for detention had shifted from 8 U.S.C. § 1231 to § 1226(a). *See Owino v. Napolitano*, 2009 WL 2383014, at *2-3. Section 1231 authorizes detention only for those with a final order of removal, but the remand in *Owino v. Holder* shifted the applicable detention

authority to § 1226(a), which pertains to cases in the pre-removal litigation phase. *See id.* at *2. This shifting of legal authority for detention is consonant with the description of the statutory scheme the Ninth Circuit previously adopted in *Casas-Castrillon v. DHS*, 535 F.3d 942, 947-48 (9th Cir. 2008), and *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059-60 (9th Cir. 2008).

Mr. Owino's petition in this case was brought on the basis that he was entitled to release from detention authorized under § 1231(a), as he then had a final removal order. *See* Petition at 5. The Ninth Circuit's remand in *Owino v. Holder*, therefore, renders this Court's prior determination under § 1231 inapplicable, since detention authority has now shifted to § 1226(a). *See Owino v. Napolitano*, 2009 WL 2383014, at *3. The Court of Appeals consequently remanded to this Court to "decide in the first instance whether Owino's detention is authorized by 8 U.S.C. § 1226(a)" by conducting an inquiry under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* n.2. The *Zadvydas* standard requires release from civil immigration custody if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *cf. Owino v. Napolitano*, 2009 WL 2383014, at *3.

If it finds that removal is not significantly likely in the reasonably foreseeable future, " 'the court should hold continued detention unreasonable and no longer authorized by statute' and grant the writ." *Owino v. Napolitano*, 2009 WL 2383014, at *3 (quoting *Zadvydas*, 533 U.S. at 699-700). If it finds that further detention is authorized, then the Court must grant the writ, unless Respondents provide a *Casas-Castrillon* bond hearing within 60 days. *See id.*

In aid of this determination, the Court must hold an evidentiary hearing on the disputed question of

foreseeable removal. *See id.* In particular, the relative credibility of the competing declarations filed in support of the two sides during the habeas litigation must be decided based on live testimony. *See id.* In addition, "the district court may accept evidence other than the Hayes declaration relevant to" the question of eligibility for habeas relief. *See id.*

Finally, in light of the length of Mr. Owino's prior detention, the Court should expedite the remand proceedings. *See id.* Because an evidentiary hearing is required, appointment of counsel is mandated. *See id.*[1]

**Scope of the Evidentiary Hearing on Remand**

The purpose of the remand hearing is to determine "in the first instance" the *Zadvydas* question of whether there is good reason to believe that removal will occur in a reasonable time. In making this determination, the Court should bear in mind the Supreme Court's admonition to weigh the evidence by a sliding scale: "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

To answer this question, the hearing's scope should permit presentation of evidence on:

- the likelihood that Mr. Owino will obtain relief from removal on remand in *Owino v. Holder,* deferring removal indefinitely;

- the likelihood of removal in light of Kenya's failure to repatriate Mr. Owino despite the lack of any legal bar, such as a stay;

---

[1] The Court has fulfilled the appointment portion of the mandate by appointing Federal Defenders to represent Mr. Owino in this case. Order of August 12, 2009, Dckt. Entry # 46.

- the likelihood of removal in light of the Kenyan officials' shifting and make-weight reasons why acceptance is not forthcoming;

- the likelihood of removal, given Kenya's general reluctance to repatriate a member of an insurgent minority group who previously challenged the ruling majority and accused Kenya of torture.

The evidentiary scope should accommodate both witness testimony and documents, some of which are already in the record of this case. *See, e.g.*, Appendix to Court-Order Response to Status Report Supplement, Dckt. Entry #24 (July 28, 2008). Mr. Owino may also request to present telephonic testimony from the United Kingdom by his brother and expert testimony. Under the Ninth Circuit's remand order, live testimony by Officer Hayes and Mr. Owino will be required.

**Timing of the Hearing**

In light of the Ninth Circuit's request to expedite the hearing, balanced by the need to prepare the above presentation of evidence, the evidentiary hearing should be scheduled for **September 14, 2009**, or as soon thereafter as the Court's calendar permits.

**Request for Production**

Mr. Owino formally requests that the Court order his production from Respondents' custody to attend any evidentiary hearings in this case.

"A basic consideration in habeas corpus practice is that the prisoner will be produced before the court. This is the crux of the statutory scheme established by the Congress; indeed, it is inherent in the very term 'habeas corpus.' " *Johnson v. Eisentrager,* 339 U.S. 763, 778 (1950) (footnotes omitted). This is reflected

in the statute governing hearings in habeas corpus cases: "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. The statute places the burden of production on the respondents "and imposes no requirement that the petitioner ask to be present at the hearing." 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 21.3 (5th ed. 2005). Accordingly, "if an issue of fact is presented, the practice appears to have been to issue the writ, have the prisoner produced, and hold a hearing at which evidence is received." *Walker v. Johnson*, 312 U.S. 275, 285 (1941); *accord Aherns v. Clark*, 335 U.S. 188, 190-91 (1948).

The Court should order Mr. Owino produced for the scheduled hearing. Not only is his presence necessary for him to provide testimony in the matter, but his attendance is the immemorial and proper practice when matters of fact are litigated in a habeas case. *See Johnson*, 339 U.S. at 778.

DATE: August 24, 2009        *s/ James Fife*
                             **JAMES FIFE**
                             **FEDERAL DEFENDERS OF SAN DIEGO, INC**.
                             Attorneys for Petitioner Mr. Owino

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | |
| 3 | SOUTHERN DISTRICT OF CALIFORNIA |

| | | | |
|---|---|---|---|
| SYLVESTER OWINO, | ) | | |
| | ) | No. 07CV2267-WQH (POR) | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | CERTIFICATE OF SERVICE | |
| JANET NAPOLITANO, et al., | ) | | |
| | ) | | |
| Respondents. | ) | | |
| _____ | ) | | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing Court-Ordered Briefing on Procedure on Remand has been electronically served this day upon:

Samuel Bettwy, Assistant United States Attorney
880 Front Street
San Diego, CA 92101
samuel.bettwy@usdoj.gov

and a copy mailed to:
Sylvester Owino
Petitioner

Dated: August 24, 2009         *s/ James Fife*
                               JAMES FIFE
                               Federal Defenders
                               225 Broadway, Suite 900
                               San Diego, CA 92101-5030
                               (619) 234-8467  (tel)
                               (619) 687-2666  (fax)
                               james_fife@fd.org

# APPENDIX



--- F.3d ----, 2009 WL 2392992 (C.A.9)
 (Cite as: 2009 WL 2392992 (C.A.9))

Only the Westlaw citation is currently available.

United States Court of Appeals,
Ninth Circuit.
Sylvester **OWINO**, Petitioner,
v.
Eric H. HOLDER Jr., Attorney General, Respondent.
**No. 06-74297.**

Argued and Submitted June 23, 2009.
Filed Aug. 4, 2009.

**Background:** Alien, a native and citizen of Kenya, filed petition for review of final order of removal by the Board of Immigration Appeals (BIA), which found him credible but denied his application for relief under the Convention Against Torture (CAT).

**Holdings:** The Court of Appeals held that:
(1) it had jurisdiction over BIA's final order of removal, and
(2) remand was required for immigration judge (IJ) to determine whether alien was required to provide evidence which corroborated his otherwise credible testimony.

Petition granted.

West Headnotes

**[1] Aliens, Immigration, and Citizenship 24** ⚷0

24 Aliens, Immigration, and Citizenship
Jurisdiction-stripping provision of the Immigration and Nationality Act (INA) did not deprive the Court of Appeals of jurisdiction over alien's petition for review of determination of the Board of Immigration Appeals (BIA) denying relief under the Convention Against Torture (CAT), and, thus, Court of Appeals had jurisdiction over BIA's final order of removal. 8 U.S.C.A. §§ 1252(a)(2)(C), 1252(a)(1); 8 C.F.R. § 208.16(c)(2).

**[2] Aliens, Immigration, and Citizenship 24** ⚷0

24 Aliens, Immigration, and Citizenship
REAL ID Act provision establishing proper legal standards governing adverse credibility determinations applied on alien's application for relief under the Convention Against Torture (CAT), and, thus, remand to immigration judge (IJ) was required for IJ to determine whether alien was required to provide evidence which corroborated his otherwise credible testimony. 8 U.S.C.A. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(B); 8 C.F.R. § 208.16(c)(2).

Sylvester Owino (pro se), James Fife (argued), Federal Public Defenders of San Diego, Inc., San Diego, CA, for petitioner-appellant.

Peter D. Keisler, Assistant Attorney General, Civil Division; Richard Evans, Assistant Director; Andrew J. Oliveira (argued), Office of Immigration Litigation, Washington, D.C., for respondent-appellee.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A097-469-354.

Before BETTY B. FLETCHER, RAYMOND C. FISHER and RONALD M. GOULD, Circuit Judges.

OPINION

PER CURIAM:

**\*1** Sylvester Owino petitions for review of the Board of Immigration Appeal's ("BIA") final order of removal, which found him credible but denied his requests for asylum, withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). He appeals only the BIA's denial of deferral of removal under CAT. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant Owino's petition and remand to the IJ on an open record. [FN1]

**I. BACKGROUND**

Owino is a citizen of Kenya who entered the United States in 1998 on a student visa. Owino was con-

victed of second degree robbery in California in 2003. After serving his three-year sentence, he was detained by the Department of Homeland Security and served with a notice to appear, alleging he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii), which covers aliens convicted of an aggravated felony. Owino admitted all factual allegations and applied for asylum, withholding of removal and CAT relief. He testified before an immigration judge ("IJ") that he feared returning to Kenya because on two occasions he had been violently abused by police for his public criticism of the government and his support of women's rights. After that hearing, Owino submitted for the record a letter from his brother, warning him not to return to Kenya because the police would kill him if he returned. At Owino's final hearing, his brother was available to testify telephonically from Europe. The IJ never explicitly excluded Owino's brother's testimony, but the hearing concluded without it.

The IJ denied all relief. The IJ found that Owino's aggravated felony conviction barred him from asylum and CAT withholding, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and that Owino's crime was "particularly serious," barring him from withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(B)(ii). Owino does not appeal these decisions. The IJ also addressed the merits of Owino's request for deferral of removal under CAT-because deferral has no criminal conviction bar, *see* 8 C.F.R. § 1208.17-and denied Owino relief. The IJ found Owino not credible, assuming that his story would be susceptible to documentary evidence that Owino failed to supply. The IJ further found that Owino did not meet his burden to show it was more likely than not he would be tortured in Kenya because Owino did not demonstrate a nexus between general police corruption in Kenya and a likelihood that Owino would himself be tortured if he returned. Owino appealed to the BIA and proffered additional documentary evidence with his brief. The BIA refused the new evidence, but reversed the IJ's credibility determination as unsupported by the record, without mentioning the standards imposed by the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA nevertheless dismissed Owino's appeal because it agreed with the IJ that Owino failed to establish a nexus between corruption of some Kenyan officials and Owino's fear of being tortured. Further, the BIA noted the need for corroborating evidence to bolster Owino's generalized testimony. Owino argues that (1) the IJ and the BIA applied the wrong legal standard to his CAT claim; (2) the IJ violated his due process rights by failing to allow his brother to testify telephonically; and (3) the BIA violated his due process rights by failing to consider the additional documentary evidence submitted with Owino's BIA brief.

## II. ANALYSIS

*2 [1] We first address our jurisdiction. Although Owino is removable by reason of having committed an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), the government correctly concedes that "[t]he jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT." *Lemus-Galvan v. Mukasey,* 518 F.3d 1081, 1083 (9th Cir.2008). We therefore have jurisdiction over the final order of removal under 8 U.S.C. § 1252(a)(1).

[2] On the merits of his CAT deferral claim, Owino argues that the BIA erroneously required him to corroborate his credible testimony and urges us to remand for reconsideration under the proper legal standard, invoking cases such as *Karapetyan v. Mukasey,* 543 F.3d 1118, 1123-24 (9th Cir.2008), a pre-REAL ID Act case holding that an IJ may not require corroboration of credible testimony. However, the REAL ID Act applies here, because Owino's application for relief from removal was filed January 18, 2006. The Act establishes the proper legal standards governing adverse credibility determinations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Even assuming credibility, the Act permits an IJ to "determine[ ] that the applicant should provide evidence which corroborates otherwise credible testimony." 8 U.S.C. § 1229a(c)(4)(B). The government urges us to remand for application of these standards to Owino's case. Because neither the IJ nor the BIA applied the REAL ID Act, we agree with the government, and remand to the IJ on an open record to determine the merits of Owino's application under the REAL ID Act's standards. *See INS v. Ventura,* 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2392992 (C.A.9)
 **(Cite as: 2009 WL 2392992 (C.A.9))**

Accordingly, we need not reach Owino's due process arguments regarding evidence he proffered to the IJ and BIA. As the government agreed at oral argument, both parties will be able to supplement the record with admissible evidence on remand, so Owino will be able to proffer his brother's relevant testimony, the documents he appended to his BIA brief and evidence of current conditions in Kenya. We do not, of course, rule on the admissibility or probity of such evidence.

**PETITION GRANTED AND REMANDED.**

> FN1. In a related case, Owino challenges the legality of his civil confinement by the Department of Homeland Security. We concurrently decide that appeal in *Owino v. Napolitano,* 08-56392.

C.A.9,2009.
Owino v. Holder
--- F.3d ----, 2009 WL 2392992 (C.A.9)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.